## McNeeley v. City of Natchez.[*]

(Division B.   Jan. 26, 1925.)

[102 So. 564.   No. 24806.]

1. Appeal and Error. *Penalties imposed by city ordinance for act enjoined not recoverable on supersedeas bond given on appeal from decree granting injunction.*

    Where an injunction suit was filed, the injunction granted, and appeal with *supersedeas* bond given, the penalties imposed by city ordinance prohibiting the act enjoined are not recoverable on the *supersedeas* bond, and a motion to increase the *supersedeas* bond based thereon must be denied.

2. Appeal and Error. *On motion to increase supersedeas bond, facts showing insufficiency of bond must be set forth.*

    Where a *supersedeas* bond is given on appeal from an order granting an injunction, if the bond required by the *supersedeas* decree is deemed insufficient and a motion filed to increase the bond, the facts showing the insufficiency of the bond must be set forth in the motion so that the court may see whether they are proper elements to be covered by such bond.

*Headnotes 1. Appeal & Error, 3 C. J., section 1440; 2. Appeal & Error, C. J., section 1440.

Appeal from chancery court of Adams county.
Hon. R. W. Cutrer, Chancellor.

Suit by the city of Natchez against S. B. McNeeley. From decree for plaintiff, defendant appeals. On motion to require additional *supersedeas* appeal bond. Motion overruled.

*Ratcliff & Kennedy,* for appellant.

The court erred in proceeding with the trial of the cause after the petition and bond for removal had been filed. The right to navigate the Mississippi River, and especially in interstate commerce as was brought into question by the bill of complaint, was a Federal question, and depended upon certain laws of navigation and the construction of the commerce clause of the Federal Constitution. The right of landing and discharging passengers in interstate commerce is a right incident to that transportation and one over which Congress has exclusive jurisdiction and therefore a Federal question.

The court erred in proceeding with the trial of said cause after a sworn plea showing a cause of action pending between the same parties in a court of competent jurisdiction. The bill of complaint did not waive answer under oath. An answer under oath was filed setting up a cause of action pending between the city of Natchez and McNeeley in the district court of the United States for the Southern District of Mississippi, involving the identical issues. Some courts hold that such a plea should abate the suit last filed and some courts to the contrary, but practically all of the courts are agreed that the action last filed should be stayed.

The bill of complaint was primarily to enforce the ordinance of June 10, 1924, of the city of Natchez to prevent any person from engaging in interstate commerce by way of a ferryboat until he first had a license or franchise from the city of Natchez and had entered into a contract with it, to be bound by the conditions imposed by the city of Natchez. The bill sought to have the city of Natchez decreed as the real owner of the real estate

in question and to have an order directing the sheriff to remove this defendant therefrom.

It was error for the court to try and adjudicate the title to real estate by way of an injunction. 32 C. J. 122. This principle of law has been followed by a great number of decisions in this state. *Russell* v. *Town of Hickory*, 76 So. 825; *Miles* v. *Fink*, 80 So. 532; *North Lumber Co.* v. *Gary*, 83 Miss. 640; 22 Cyc. 818, 27 Miss. 553.

It is perfectly apparent without further argument that the title to the ferry landing as between the complainant and the defendant could not be tried out in a suit for a mandatory injunction. As stated by the supreme court in the Miles case, cited *supra*, the mere statement by the bill of complaint that the defendant was claiming adverse title stated the complainant out of court as to an injunction. This principle of law is true regardless of the manner in which the injunction is sought; that is to say, whether *ex parte* or upon a hearing.

If complainant is the owner of the land in question and the defendant is trespassing, there is an adequate remedy at law and there is no need to resort to an injunction. We submit to the court that the title to the property cannot be tried by injunction, that the mere acknowledgment by the complainant of an adverse claim in the defendant defeats his right for an injunction to prevent waste or as to possession; that it is not alleged that the defendant McNeeley is insolvent or that the complainant has not an adequate remedy at law; that this suit should have been stayed as per the statement of the court until the disposition of the cause in Federal court pending between the same parties and the same ordinance being an issue.

*J. H. Price, Wilmer Shields* and *L. A. Whittington,* for appellee.

Counsel for the Appellant Challenges the Jurisdiction of the State Court to Hear This Cause and

Grant Injunctive Relief.  See 28 C. J., sections 1052, 1053 and 1055.

The bill shows that the defendant had for a long period of time been the beneficial lessee of the city of this Ferry; that the Ferry likewise was a valuable property right belonging to the city, and after the defendant's lease had expired he continued to operate the said Ferry over the protests of the city, without a franchise, without a lease, refusing to either vacate the property or remove the obstruction he had located within the Ferry site, as well as refusing to observe the reasonable regulations provided by the city to have the Ferry operated during reasonable hours at reasonable rates and with safe equipment. But the defendant, the appellant herein, held on to the city's valuable property right and continued to operate the Ferry in violation of said Ordinance, and without a franchise or lease from the city or the state or any subdivision thereof.

Upon demand he refused to vacate the landing, and it is alleged in the bill that the city could not oust him from its property, and could not get possession of this valuable property right, without resort to violence and this injunctive relief was sought. In this state, as well as in all others where the issue has arisen, injunctive relief has been approved. 1914 C. Ann. Cas. 1202; *Vallejo Ferry Co.* v. *Solanna A'quatic Co.*

Counsel in Their Brief Challenged the Right of the State Court to Proceed with the Trial of This Cause, for the Reason, That in the Answer to the Bill of Complaint Filed Herein, They Had Charged the Pendency of a Suit in the Federal Court Between the Same Parties Involving the Same Subject-Matter. We submit that this objection was not well taken. There was no exhibition of the subject-matter of the suit filed in support of the allegation of its pendency, whereby such allegation might be supported. 7 R. C. L. 1069.; 1 Standard Procedure, 1006.; *Contracting Co.* v. *Contracting Co.*, 44 So. 10; *Merritt et al.* v. *American Steel Barge*

*Co.,* 79 Fed. Rep., 228; *Buck* v. *Colbath,* 3 Wall. 334; *Stanley* v. *Robert,* 19 U. S. App. 407; *Leighton* v. *City,* 175 Fed. 164; 24 Cyc. 924.

As stated above, the only relief prayed for in the suit in the Federal court was an injunction against the city enforcing the ordinance; this relief was denied. If the contention of the defendant in this case above made is well taken, the effect would be practically to prohibit and enjoin the complainant herein from enforcing the ordinance, notwithstanding the Federal court refused in that suit to grant such an injunction. We submit, therefore, that the contention of the defendant herein is tantamount to the claim that the filing of the bill of complaint, praying for an injunction was sufficient to obtain the force and effect of an injunction even tho not granted; and this, we submit, would be sufficient in itself to condemn the contention herein made.

THE APPELLANT CHALLENGES THE RIGHT OF THE STATE COURT TO PROCEED WITH THE CAUSE AFTER THE MOTION AND PETITION FOR REMOVAL. To this proposition of opposing counsel we make answer with the following authorities: 23 R. C. L. 645; 34 Cyc. 1224; *Tenn.* v. *Union Bank etc.,* 152 U. S. 454; *Ralva Market Co.,* v. *Armour Co.,* 102 Fed. 580; *Dallas Rockland Ferry Co.* v. *Hendrix,* 189 Fed. 266, where the court held on the question of removal: "That a suit by one operating a ferry across the Columbia river from a point in Oregon to a point in Washington, under license issued by the state authority granting an exclusive ferry right for a fixed period, to restrain another from operating a ferry between the same points without any license from either state, does not involve a Federal question."

COUNSEL IN THEIR BRIEF CHALLENGED THE POWER AND AUTHORITY OF THE CITY OF NATCHEZ TO GRANT A FRANCHISE AND TO LEASE AND REGULATE FERRIES. Inasmuch as it has never been questioned heretofore that the state had the power to establish Ferries on navigable streams

separating two states, and since more than one hundred and twenty years ago the complainant established a Ferry as shown by the evidence in this case, it must be presumed after a lapse of one hundred and twenty years that the state had delegated the power to establish such Ferry; the ordinance involved in this case does not establish a Ferry, but declares the location of a Ferry already established. McQuillin on Municipal Ordinances, 426; 58 L. R. A. 551; 63 L. R. A. 877; 34 Ill. 74, 17 L. Ed. (U. S.) 191.

COUNSEL ARGUE IN THEIR BRIEF THAT THIS SUIT UNDERTAKES TO SETTLE BY INJUNCTION, TITLE TO LAND. The bill itself and the testimony introduced will show that this is a mere incident, and is not from the defendant's own testimony, seriously involved in this case.

It has been held where the complainant makes out a strong *prima-facie* case of right of title, an injunction will be granted without previous trial at law.

We submit to this court, that the complainant abundantly established by reliable and competent evidence that the Ferry and Ferry landings of the defendant were located on lot No. 52 of the "Peter Little Estate."

Argued orally by *L. T. Kennedy,* for appellant, and *L. A. Whittington,* for appellee.

ETHRIDGE, J., delivered the opinion of the court

The city of Natchez filed a bill in the chancery court against McNeeley to enjoin him from operating a ferry beginning within the city limits of Natchez and across the Mississippi river to the town of Vidalia, La., and to enjoin him from using a wharf alleged to belong to the city of Natchez, and to direct the sheriff to peremptorily remove McNeeley from the wharf and to give possession to the city's lessees.

The bill alleged that in 1913 the city leased to McNeeley the property, and granted an exclusive franchise to Mc-

Neeley to operate a ferry within the limits of the city of Natchez and across the Mississippi river to Vidalia, La., for a period of ten years; that at the time the contract was made the automobile had not been developed as a means of public travel and locomotion, but that during the period of the lease the use of the automobile became general, and by reason of the improved highways and use of the automobile that the traffic and travel became great; that the defendant would not equip himself with sufficient accommodations to serve the public and for the business of operating the ferry; that he would not operate the ferry except between the hours of sunrise and sunset, and that his charges were unreasonable and his accommodations inadequate; that he refused to recognize the regulation of his business by the city, and that the said contract between the defendant and the city expired on the 14th day of October, 1923 but that the defendant continued to operate such ferry, although the city would not make a new contract with him; that in view of the fact that the defendant would not put in the proper equipment, make proper schedules, and provide proper accommodations, the city, on the 14th day of October, 1924, entered into a contract with the Royal Route Company, Limited, a corporation, for a ten-year period beginning October 14, 1924; that the said Royal Route Company, Limited, made a bid in which it agreed to put in the proper equipment, provide proper boats, with proper accommodations as set forth in the contract, and to maintain the street known as Ferry street between high water and low water mark at the Mississippi river in a condition rendering it reasonably safe and adequate. The property which the city claims to own upon which the landing and docks referred to are situated is at the foot of Ferry street, and described in the bill as "that certain part or parcel of lot No. 53 of the division of the Peter Little estate, particularly described as follows: Beginning at that certain point where the westerly line of Ferry street intersects the southerly boundary line of original lot No.

23 of the division of the Peter Little estate, as shown by the map or plat thereof in the office of the clerk of this board, thence in a southerly direction a distance of one hundred and fifty feet along the western line of a roadway to a point thereon, thence in a westerly direction to the Mississippi river, thence up the Mississippi river to Silver street, and to that point on the Mississippi river made by a continuation of the southerly boundary line of said lot No. 23," etc.

The defendant applied to the chancellor for a hearing on the granting of injunction when the original bill was filed, and a hearing was granted, and the court granted the city a decree enjoining the defendant from operating the ferry and using said property described and directing the sheriff to remove the defendant and his boat from such property. An appeal with *supersedeas* was applied for to the chancellor and refused, whereupon application was made to a judge of this court, who granted *supersedeas* on condition of bond in the sum of one thousand dollars being made in accordance with law. After the decree, and after the said appeal, the plaintiff, the city of Natchez, filed an amendment to its bill, setting up that the bond was insufficient as a *supersedeas* bond because the city of Natchez had passed an ordinance imposing a penalty of thirty dollars a day for the operating of such ferry without a license from the city so to do, and that the plaintiff had sued for and obtained a judgment in the circuit court for penalties amounting to more than three thousand dollars and that, before the appeal could be heard on its merits, the damages by reason of such penalty of thirty dollars a day would amount to many thousand dollars, and that it would require at least fifteen thousand dollars bond to cover the penalties which would accrue by reason of the appeal with *supersedeas*.

The bill as amended and the motion here does not state any definite damage other than the penalties imposed by the ordinance nor state such facts as damages could be calculated from. It does state that damages to the ex-.

tent of three thousand dollars in addition to the penalties have been sustained, but does not state the facts from which the courts can draw any conclusion as to how the damages will accrue. No affidavits have been filed, nor any satisfactory showing of damage made as to anything other than the thirty dollars a day penalty.

It is familiar learning that a court of equity will not entertain a suit for penalties, nor does the penalty imposed by the ordinance constitute a proper element of damage flowing from the appeal with *supersedeas.* The petition should state specifically the facts that are relied on to constitute damage so that the court may know whether or not they are, a proper element of damage.

The application in this case is insufficient, and the motion will be overruled without prejudice to the filing of a proper motion in accordance with the bond, if it is in fact insufficient.

*Motion overruled.*